UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| MONICA DILLINGHAM, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMISSIONER OF THE SOCIAL ) <br> SECURITY ADMINISTRATION, ) <br> ) <br> Defendant. ) <br> ) <br> ) | No. 6:23-CV-107-HAI <br><br> MEMORANDUM OPINION & ORDER |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Claimant Monica Dillingham seeks review of the Social Security Administration's denial of her request for disability benefits beginning on July 17, 2018. Dillingham initially filed a Title II application for disability and disability insurance on June 2, 2021. D.E. 7 at 35. Dillingham subsequently filed a Title XVI application on August 8, 2022, seeking supplemental security income. *Id*. Administrative Law Judge George L. Evans denied her applications on January 6, 2023, finding that she was not disabled. *Id*. at 44-45. After exhausting her administrative remedies, Dillingham sought judicial review of the Commissioner's denial on June 8, 2023. D.E. 1 at 2. The Commissioner filed an answer on July 28, 2023. D.E. 7. Dillingham filed her opening brief (D.E. 8) on August 28, 2023. The Commissioner's filed a response (D.E. 14) on November 8, 2023. Dillingham filed a reply (D.E. 15) on November 22, 2023. Thus, the matter is ripe for adjudication.

The Court has jurisdiction to hear Dillingham's challenge under 42 U.S.C. § 405(g). Both parties consented to the referral of this matter to a magistrate judge. D.E. 10. Accordingly, this matter was referred to the undersigned to conduct all proceedings and order the entry of a final

judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Dillingham raises a plethora of issues in support of her position. Finding no error, Plaintiff's motion for summary judgment (D.E. 8) is **DENIED** and the Commission's motion for summary judgment (D.E. 14) is **GRANTED**. Judgment will be entered for the Commissioner consistent with this Memorandum Opinion and Order.

## I. The ALJ's Decision

Under 20 C.F.R. §§ 404.1520, 416.920, an ALJ conducts a five-step analysis to evaluate a disability claim. The ALJ adhered to that five-step process in this case. D.E. 7 at 35-45.[1]

At step one, the ALJ must determine whether a claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Here, the ALJ determined that Dillingham was not engaged in substantial gainful activity. D.E. 7 at 37.

At step two, the ALJ must determine whether the claimant has "a severe medically determinable physical or mental impairment that meets the [Social Security Act's] duration requirement … or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. § 404.1520(a)(4)(ii). Here, the ALJ determined that Dillingham had the severe impairments of "right shoulder repair, partial amputation of left third finger, and degenerative disc disease of the neck." D.E. 7 at 37.

At step three, the ALJ determines whether the claimant has an impairment "that meets or equals one of [the Social Security Administration's] listings in appendix 1 of … subpart [P] and meets the duration requirement." 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is found to be disabled. *Id*. Here, the ALJ found Dillingham to have no such impairment. D.E. 7 at 38.

---

[1] Pinpoint citations herein are to the blue page numbers generated by CM/ECF.

2

When a claimant is not found disabled at step three, the ALJ proceeds to step four. At step four, the ALJ determines a claimant's residual functioning capacity and past relevant work history. 20 C.F.R. § 404.1520(a)(4)(iv). Here, the ALJ found Dillingham had "the residual functioning capacity to perform light work as defined by 20 C.F.R. [§§] 404.1567(b) and 416.967(b) except occasionally reaching overhead with the right upper extremity." D.E. 7 at 39. The ALJ further found that "the claimant is unable to perform any past relevant work." *Id*. at 43.

Thus, the ALJ proceeded to step five of the analysis. D.E. 7 at 43-44. At step five, the ALJ must determine if a claimant can make an adjustment to other work given the claimant's residual functioning capacity, age, education, and experience. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the ALJ must determine whether jobs exist in significant numbers in the national economy that the claimant can adjust to considering the claimant's residual functioning capacity, age, education, and work experience. 20 C.F.R. § 404.1560(c)(1). The claimant is not disabled if the Social Security Administration establishes that such jobs exist. *Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir. 1999). Here, the ALJ concluded that there were jobs existing in significant numbers in the national economy that Dillingham could perform. D.E. 7 at 43. On that basis, the ALJ concluded that Dillingham was not disabled. *Id*. at 44. Thus, Dillingham's application for benefits was denied. *Id*. at 44-45. Subsequent agency review did not disturb the ALJ's decision. *Id*. at 5.

Dillingham asserts the ALJ erred for several reasons. First, she argues that the ALJ's decision is not supported by substantial evidence, claiming that "the ALJ improperly rejected [Dillingham's] subjective testimony relating to her physical impairments." D.E. 8 at 3-11. Dillingham also claims that the ALJ did not sufficiently articulate his reasoning for rejecting her subjective testimony under applicable agency requirements. *Id*. These arguments are interwoven

3

in the first section of her brief, and to the extent that Plaintiff has tried to raise additional arguments in the first section of her brief, those arguments are unclear and cursory. Thus, Dillingham has waived the arguments in the first section of her brief, if any, that are not detailed here. *E.g.*, *Barany-Snyder v. Weiner*, 539 F.3d 327, 331 (6th Cir. 2008) (issues raised in a perfunctory fashion are waived).

In the second section of Dillingham's brief, she claims that the ALJ did not adequately develop the record, and vacating the ALJ's decision is proper on that ground. D.E. 8 at 11-13. In Dillingham's third section, she asserts that the ALJ's rejection of Dr. Janet Flynn's medical opinion was improper as a procedural matter.[2] *Id*. at 13-15. To the extent that Dillingham is making additional arguments in her second and third sections, these arguments are waived as insufficiently developed. *Barany-Snyder*, 539 F.3d at 331. The Court addresses Dillingham's sufficiently developed arguments in turn.

## II. Standards for Judicial Review

Social security claimants are statutorily entitled to obtain review of the final decision of the Commissioner of Social Security after such a decision in a proceeding that the claimant is a party to is rendered by the Commissioner. 42 U.S.C. § 405(g).

Judicial review is limited when it comes to challenges to factual determinations made by the Commissioner. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." *Id*. So long as there is enough evidence to permit "a reasonable mind" to "accept as adequate to support a conclusion" then the ALJ's findings are supported by substantial evidence. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

---

[2] Dillingham also cursorily asserts that the ALJ's rejection of Flinn's medical opinion lacked substantial evidence to support it. D.E. 8 at 13. This cursory argument has been waived for inadequate for development, and is any event, meritless.

Although that requires more than a scintilla of evidence, the evidentiary threshold is not high. *Id*. Still, the record cannot be looked at selectively, with a reviewing court only identifying evidence that supports an ALJ's decision while ignoring any evidence that undermines it. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Instead, "judicial review of the [Commissioner's] findings must be based on the record as a whole and … a reviewing court may look to any evidence in the record, regardless of whether it has been cited by the ALJ to determine if the ALJ's decision was based upon substantial evidence." *Holtman v. Saul*, 441 F. Supp. 3d 586, 602 (M.D. Tenn. 2020) (cleaned up). Looking at the record as a whole also means that the reviewing court cannot search for a single piece of evidence supporting the ALJ's decision, while disregarding other pertinent evidence that undermines it. *Hephner*, 574 F.2d at 362.

Federal courts, however, do not review the Commissioner's decisions merely to ensure that those decisions are supported by substantial evidence. Federal courts may also disturb the Commissioner's decision on the basis that the ALJ failed to follow a procedural rule if the "prescribed procedure is intended to protect the interest of a party before the agency." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004). Federal courts are so empowered because "it is an elemental principle of administrative law that agencies are bound to follow their own regulations." *Id*. The Commissioner's decision will not be undone, however, merely because of the failure to follow a regulation adopted merely to ensure the orderly transaction of business before the agency. *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 656 (6th Cir. 2009).

### III. The ALJ's decision was supported by substantial evidence.

As noted above, the Commissioner's decision must be supported by substantial evidence after viewing the record as a whole. Dillingham's arguments that it was not supported by substantial evidence are meritless.

5

First, Dillingham challenges the ALJ's factual findings regarding her right shoulder. D.E. 8 at 5-7. The ALJ relied on Dillingham's ability to move her extremities well to reject her contentions that her right shoulder pain kept her from working. D.E. 7 at 41. The record supports that finding. *Id*. at 623, 625, 631 (medical records indicating that on various dates, Plaintiff moved her extremities well). The ALJ was entitled to weigh Dillingham's testimony against the medical records, and credit the latter while discounting the former. "Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). Dillingham mistakenly asks the Court to reweigh the evidence despite section 405(g)'s commitment of that responsibility to the agency.

Dillingham claims that since she reported experiencing pain during the doctor's visits where she could move her extremities well, it follows that the fact she could move her extremities well is insufficient evidence to support the ALJ's finding. D.E. 8 at 6. That overlooks that "an ALJ is not required to accept a plaintiff's own testimony regarding [her] pain." *Ridge v. Barnhart*, 232 F. Supp. 2d 775, 790 (N.D. Ohio 2002). Instead, the ALJ is to look at the totality of the circumstances to evaluate the claimant's credibility. *Id*. Here, the ALJ discussed Dillingham's claim of being in pain. D.E. 7 at 40. Nonetheless, the ALJ concluded that her claim that her pain was so severe that she could not work "was not entirely consistent with medical evidence and other evidence in the record." *Id*. at 41. The ALJ made a credibility determination that, regardless of whether viewing the facts *de novo* would be correct, is nonetheless supported by substantial evidence. *Id*. at 623, 625, 631. It would be improper for the Court to disturb it.

Dillingham takes issue with the ALJ's treatment of an evaluation by APRN Janet Flinn claiming that the ALJ "failed to reconcile the physical examination performed by" Flinn. D.E. 8

6

at 7. Flinn's evaluation of Dillingham is discussed by the ALJ. D.E. 7 at 41-42. The ALJ characterized Flinn as opining "that the claimant would have difficulty lifting and moving the right arm and shoulder." *Id*. at 42. The ALJ found Flinn's opinion "unpersuasive, inconsistent with and unsupported by the overall medical evidence of record." *Id*. In fact, the ALJ correctly explained that Flinn's opinion was contradicted by Flinn's own observations. *Id*. at 42, 510. Again, Dillingham's complaint is that the ALJ resolved a credibility dispute between conflicting evidence against her. Because substantial evidence the ALJ's finding that Dr. Flinn's opinion was inconsistent with and unsupported by the medical evidence of record, the ALJ's decision to discount that opinion was not error.

In short, Dillingham's arguments that there is not substantial evidence supporting the ALJ's decision lack merit.

### IV. The ALJ's decision was procedurally proper.

In addition to her substantial evidence argument, Dillingham asserts that the ALJ's decision was procedurally deficient. She identifies two perceived procedural defects in the ALJ's decision.

First, she asserts that the ALJ did not sufficiently articulate the rationale for his decision. D.E. 8 at 4-11, 13-15. The Social Security Administration's regulations requires ALJ's to "articulate in [the ALJ's] determination or decision how persuasive [the ALJ] find[s] all of the medical opinions and all of the prior administrative medical findings in [the claimant's] case record." 20 C.F.R. § 404.1520c(b). But ALJ's need not discuss evidence from non-medical sources. 20 C.F.R. § 404.1520c(d).

Further, the requirement that ALJ's discuss medical opinions and prior administrative medical findings only extends to a source-level articulation requirement, so not every medical opinion and prior administrative medical finding needs to be expressly addressed in an ALJ's

7

decision. 20 C.F.R. § 404.1520c(b)(1). Instead, the ALJ needs to discuss only each source that issued a medical opinion or administrative medical finding. *Id*. Further, the ALJ only needs to explain why a medical source's medical opinion was supportable and consistent. 20 C.F.R. § 404.1520c(b)(2). Other factors relevant to determining the persuasiveness of medical opinions and prior administrative medical findings need not be addressed expressly by the ALJ. *Id*.

As used in Subpart P, medical source is defined to include individuals who are "licensed as a healthcare worker by a State and working within the scope of practice permitted under State or Federal law."[3] 20 C.F.R. § 404.1502(d). And 20 C.F.R. § 404.1513 clarifies that, "a medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in [several enumerated categories]." 20 C.F.R. § 404.1513(a)(2).

The first enumerated category of impairment-related limitations or restrictions that medical opinions address is a claimant's "ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching)." 20 C.F.R. § 404.1513(a)(2)(i). The second is a claimant's "ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting." 20 C.F.R. § 404.1513(a)(2)(ii). The third category is a claimant's "ability to perform other demands of work, such as seeing, hearing, or using other senses." 20

---

[3] The definition also includes (1) state-certified speech language pathologists and (2) school psychologists to the extent that they are acting within the scope of practice permitted under state and federal law. No such individuals evaluated Dillingham, nor does she contend to the contrary.

C.F.R. § 404.1513(a)(2)(iii). The final category is a claimant's "ability to perform other demands of work, such as seeing, hearing, or using other senses." 20 C.F.R. § 404.1513(a)(2)(iv).

20 C.F.R. § 404.1513(a)(5) defines "Prior Administrative Medical Finding" as being "a finding … about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review in your current claim based on their review of the evidence in your case record." 20 C.F.R. § 404.1513(a)(5). But prior administrative medical findings do not include a finding regarding the ultimate determination on disability. *Id*. Findings made by federal and state agencies other than the Social Security Administration also do not count as prior administrative medical findings. 20 C.F.R. § 404.1504.

Dillingham's argument that "the ALJ failed to properly consider [her] complaint of bilateral toe and foot pain" because "the ALJ omitted any discussion of medical records pertaining to treatment of [her] foot condition" fails. D.E. 8 at 9. Specifically, Dillingham claims that the ALJ's failure to discuss Dr. Jonathan Moore's and Dr. Ann Davis's treatment notes was reversible error. *Id*. at 10. Magistrate Judge Atkins recently addressed a similar argument in *Caudill v. Kijakazi*, No. 7:22-CV-00072-EBA, 2023 WL 2434278, at *5 (E.D. Ky. Mar. 9, 2023). There, the claimant argued that the ALJ was required to explicitly address his neurologist's treatment notes. *Id*. at *3. Judge Atkins rejected the argument that the ALJ was required to address the neurologist's treatment notes. *Id*. at *5. Because treatment notes do not amount to medical opinions or prior administrative medical findings, the undersigned concludes that the ALJ was not required to discuss Dr. Moore's or Dr. Davis's treatment notes. Dillingham's argument to the contrary is without merit.

Despite Dillingham's cursory allegation to the contrary (D.E. 8 at 5-6), the ALJ sufficiently discussed Dillingham's ability to use her right shoulder to permit a reviewing court to determine the ALJ's reasoning. D.E. 7 at 41-42. The ALJ explained that Dillingham's "statements about the

9

intensity, persistence, and limiting effects of her symptoms … are inconsistent." *Id*. at 41. Justifying this conclusion, the ALJ detailed the medical treatment Dillingham underwent for her right shoulder pain, including a discussion of the surgery on Dillingham's shoulder, her subsequent physical therapy, and her physical examinations during 2022 indicating that she could move the right shoulder (alongside other extremities) well. *Id*. Thus, Dillingham's reliance on *Moore v. Kijakazi*, No. 5:22-CV-00148-MAS, 2023 WL 4980544, at *5 (E.D. Ky. Aug. 3, 2023) is misplaced. In *Moore*, the ALJ "failed to highlight any substantive inconsistencies in the administrative record that would justify discounting [the claimant's] subjective testimony regarding the pain and other symptoms." *Moore*, WL 4980544 at *5. Here, however, the ALJ highlighted the positive treatment notes to justify his rejection of Dillingham's subjective testimony. D.E. 7 at 41.

Dillingham asserts that the ALJ committed procedural error by failing to consider certain medical documents from 2015 detailing Dillingham's abnormal nerve conduction and carpel tunnel syndrome. D.E. 8 at 7-8; D.E. 7 at 347, 508. ALJ's may disregard evidence from outside of a claimant's disability period. *Dyson v. Comm'r of Soc. Sec.*, 786 F. App'x 586, 588-89 (6th Cir. 2019). Here, Dillingham's claimed disability period began on July 17, 2018. D.E. 7 at 35. Thus, Dillingham is incorrect to claim that the ALJ was required to address the documents from 2015 because those documents fall outside of the disability period. Her argument is without merit.

Dillingham asserts that "the ALJ failed to clearly articulate the reasons why Plaintiff's testimony regarding her bilateral hand pain was not accepted." D.E. 8 at 8. Dillingham overlooks that the ALJ did not reject her testimony on this point, and "accommodated [her] chronic left hand pain [in] the residual functioning capacity [analysis]." D.E. 7 at 41. This argument is without merit.

10

Dillingham further claims that the Social Security Administration was under a duty to develop the record. D.E. 8 at 11. Although there are very limited situations where an ALJ has a duty to develop the record, that duty does not extend to cases where a claimant was represented by counsel during administrative proceedings. *Wilson v. Comm'r of Soc. Sec.*, 280 F. App'x 456, 459 (6th Cir. 2008); *see also Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 563 (6th Cir. 2022). Here, Dillingham was represented by counsel throughout the administrative process. D.E. 7 at 80, 112, 115. So, this argument is without merit.

Finally, Dillingham asserts that the ALJ's discussion of Janet Flinn, APRN's medical opinion was procedurally deficient because it did not comply with 20 C.F.R. § 404.1520c(b)'s articulation requirements. D.E. 8 at 13-15. 20 C.F.R. § 404.1520c(b)(2) requires ALJ's to expressly discuss the consistency and supportability of medical opinions from medical sources. 20 C.F.R. § 404.1520c(b)(2). A medical opinion's supportability turns on how much relevant objective medical evidence there is and what supporting explanations are presented by the medical source to support the source's medical opinion. 20 C.F.R. § 404.1520c(c)(1). A medical opinion's consistency is addressed by an ALJ when the ALJ determines whether the medical opinion is consistent with evidence from other medical sources and non-medical sources in the claim. 20 C.F.R. § 404.1520c(c)(2). As noted in the substantial evidence section, the ALJ explained that Flinn's medical opinion was inconsistent with Flinn's own observations. D.E. 7 at 42. Thus, the ALJ addressed the medical opinion's supportability. Further, the ALJ explained that the opinion was "inconsistent with and unsupported by the overall medical evidence of record." *Id*. Thus, the ALJ addressed the consistency of Flinn's opinion. This argument is without merit.

In short, there was no procedural defect in the ALJ's decision.

11

## V. Conclusion

The Court being sufficiently advised, **IT IS HEREBY ORDERED** as follows:

(1) Plaintiff's Motion for Summary Judgment (D.E. 8) is **DENIED**;

(2) Commissioner's Motion for Summary Judgment (D.E. 14) is **GRANTED**;

(3) **JUDGMENT** will be entered in favor of the Commissioner by separate contemporaneous order.

This the 22nd day of April 2024.

Signed By:
Hanly A. Ingram
United States Magistrate Judge